IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ROBERT JOHN DOYLE**

    Petitioner,

vs.                                                                    CASE NO. 1:06CV209-MMP/AK

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner has paid the filing fee.

Petitioner, who is presently in state custody in this district under a life sentence imposed by the Circuit Court of Dade County, Florida, seeks to use § 2241 to challenge his 1985 convictions and sentence. Doc. 1. Though § 2241 is the general habeas corpus statute, any relief solely thereunder is reserved for those instances in which the petitioner is not "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), such as where a pretrial detainee complains that his detention violates the Constitution or laws of the United States. *Medberry v. Crosby*, 351 F.3d 1049, 1060

(11th Cir. 2003). Where the petitioner is in fact "in custody pursuant to the judgment of a State court," such as instant Petitioner, his petition is subject to the additional requirements of § 2254, such as exhaustion and timeliness. *Id.* at 1062. Otherwise, § 2254 "would never be used or applied," *id.* at 1061, and "would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing '§ 2241' on his petition for federal post-conviction relief." *Id.* at 1060-61.

In short, instant Petitioner, who is clearly in custody pursuant to a state court judgment, may not bypass the requirements of § 2254[1] and file a § 2241 petition.

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **17th** day of November, 2006.

        s/ A. KORNBLUM
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

---

[1] A review of Pacer shows that Petitioner has indeed filed two § 2254 petitions in the United States District Court for the Southern District of Florida, both of which were denied. *See Doyle v. Secretary*, No. 1:94-cv-1780-SM (S.D. Fla.); *Doyle v. Secretary*, 1:96-cv-1247-WDF. The docket sheets do not reveal the reasons for the denials. In any event, before Petitioner files another § 2254 motion in the Southern District, he must meet the requirements of 28 U.S.C. § 2244.

**No. 4:04cv86-spm/ak**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:04cv86-spm/ak**